KAEMPFER CROWELL
Robert McCoy, No. 9121
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
John P. Margiotta *(pro hac vice forthcoming)*
Jessica Ogden *(pro hac vice forthcoming)*
151 West 42nd Street, 17th Floor
New York, New York 10036
Telephone: (212) 813-5900
Email: jmargiotta@fzlz.com
Email: jogden@fzlz.com

Attorneys for Plaintiff Gucci America, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GUCCI AMERICA, INC., a New York corporation, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| GUCCI GUN CLUB LLC, a Nevada limited liability company, | |
| Defendant. | |

KAEMPFER
CROWELL

Plaintiff Gucci America, Inc. ("Plaintiff" or "Gucci") complains and alleges against Gucci Gun Club LLC ("Defendant" or "Gucci Gun Club") as follows:

## SUBSTANCE OF THE ACTION

1.      Gucci is one of the world's most renowned and influential fashion and luxury brands. For years, Gucci's fashion products and accessories have been highly regarded throughout the world as finely crafted works of art.

2.      For over seventy years, Gucci has sold its luxury fashion products and accessories throughout the United States under the famous GUCCI mark and other famous and related iconic trademarks, including the GG Marks, the GG repeating monogram marks, and Gucci's green/red/green signature webbing mark (collectively the "GUCCI Marks").

3.      Upon information and belief, Defendant Gucci Gun Club is a hobbyist shooting club with the tagline "More Money Than Skill" that uses a variety of the GUCCI Marks, and infringing marks confusingly similar to the GUCCI Marks, on its logo, official club gear, and website.

4.       Defendant's unlawful conduct has continued despite Gucci's objection.

5.      Gucci brings claims for counterfeiting and trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and related claims of unfair competition and deceptive trade practices under

KAEMPFER
CROWELL

Nevada common law and statutory law. Gucci seeks injunctive and monetary relief and attorney fees.

**PARTIES**

6.  Plaintiff Gucci America, Inc. is a New York corporation with its principal place of business at 195 Broadway, New York, New York 10007.

7.  Upon information and belief, Gucci Gun Club LLC is a Nevada limited liability company with its principal place of business at 1716 Rambla Court, Las Vegas, Nevada 89102.

**JURISDICTION AND VENUE**

8.  This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. §§ 1051, et seq. The Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the federal Lanham Act.

9.  The Court has supplemental jurisdiction over the state law causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1367 because these claims arise out of the same nucleus of operative fact as the federal claims.

10.  The Court has personal jurisdiction over Defendant NRS 14.605 because Defendant conducts business in this District, including by maintaining a website featuring the GUCCI Marks and/or marks confusingly similar to the GUCCI Marks and selling products bearing the GUCCI Marks and/or marks confusingly similar to the GUCCI Marks to consumers in this District, and because the events giving rise to this Complaint occurred in this state and/or had effects in this state, and Gucci is being harmed in this jurisdiction.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged occurred in this District and because Defendant is subject to the Court's personal jurisdiction.

## GENERAL ALLEGATIONS

### Gucci's Famous Brand

12. The Gucci brand, originally founded in 1921 in Florence, Italy, is one of the most renowned, valuable, and influential fashion and luxury brands in the world, a genuine global reference for fashion and accessories, and a benchmark for a modern, innovative business.

13. Gucci is renowned for eclectic and contemporary creations that represent the pinnacle of Italian craftsmanship and are unsurpassed in quality, attention to detail, and imaginative design.

14. Gucci first used the GUCCI name and mark in the United States in 1953, when it introduced Americans to Italian fashions by opening its pioneering New York City flagship store.

15. Today, Gucci distributes fine leather goods, clothing, accessories, eyewear, footwear, home decor, lifestyle products, jewelry, and watches, among many other products, in the United States under the GUCCI mark and related iconic design marks, including Gucci's stylized GUCCI and GG marks, the GG repeating monogram marks, and the green/red/green signature webbing mark as shown below:

KAEMPFER
CROWELL

1

2

3

    

4

5

6

7

    

8

9

10

11

12

13        

14

15

16

17

18

19        

20

21

22

23

24

KAEMPFER

CROWELL

# G U C C I

16. Today, Gucci owns/operates nearly 100 GUCCI-branded retail boutiques throughout the United States where it sells its products for adults and children branded with the GUCCI Marks. Gucci also sells its products through its official website, www.gucci.com/us/, and through select high-end department stores.

17. The products distributed by Gucci under the GUCCI Marks are of the highest quality and are subject to exacting quality control standards. Gucci takes pains to ensure the quality of its products by monitoring their production and distribution. As a result of these efforts, Gucci has developed a reputation for providing the highest-quality products under the GUCCI Marks and consumers have come to expect that products bearing the GUCCI Marks are of the highest quality and workmanship.

18. Each year, Gucci spends millions of dollars on advertising to promote the goods and services offered under the GUCCI Marks in the United States. As a result of Gucci's efforts and the appeal of the GUCCI brand, Gucci sells high quantities of consumer goods annually in the United States.

19.    By virtue of extensive sales, advertising, and promotion, the GUCCI Marks have become instantly recognizable to the public as exclusively denoting Gucci as the source of products bearing and sold under the GUCCI Marks and signaling the high quality of such products. Having acquired substantial goodwill and strong secondary meaning, the world-famous GUCCI Marks are enormously valuable assets of Gucci.

20.    Along with its robust common law rights in the famous GUCCI Marks, Gucci also owns numerous federal registrations for the GUCCI Marks, including:

| MARK | REG'N NO. | REG'N DATE | CLASS AND GOODS/SERVICES |
|---|---|---|---|
| GUCCI<br><br>("GUCCI Word Mark") | 876292 | 9/9/1969 | IC 6, 13, 14, 15, 16, 18, 20, 21, 22, 34: VACUUM BOTTLES, [ COMPACTS SOLD EMPTY AND ] VANITY CASES SOLD EMPTY<br><br>IC 18: POCKETBOOKS, WALLETS, TRAVEL AND DUFFEL BAGS, ATTACHE CASES, TOILET CASES SOLD EMPTY AND SHOE BAGS<br><br>IC 25: SHOES AND BOOTS |
|  | 4563132 | 07/08/2014 | International Class ("IC") 18: Handbags, shoulder bags, clutch bags, tote bags, briefcases, business card cases, credit card cases, backpacks, key cases, passport cases, cosmetic cases sold empty, valises, suitcases, luggage, all the foregoing being made in whole or in part of leather |

KAEMPFER
CROWELL

| MARK | REG'N NO. | REG'N DATE | CLASS AND GOODS/SERVICES |
|---|---|---|---|
| | 1168477 | 9/8/1981 | IC 25: Neckties; Scarves; Belts; Footwear; Shirts; Sweaters; Coats; Suits; Dressing Gowns; Hats; Socks; Dresses and Bathing Suits |
| | 4567127 | 7/15/2014 | IC 35: Advertising and marketing services provided by means of indirect methods of marketing communications, namely, social media; retail store and retail outlet store services featuring clothing, footwear, handbags, luggage, small leather goods, jewelry, watches, eyewear, fragrances, and accessories; online retail stores featuring clothing, footwear, handbags, luggage, small leather goods, jewelry, watches, eyewear, fragrances and accessories |
|  ("GG Design Mark") | 5073022 | 11/01/2016 | IC 18: Handbags and wallets IC 25: Belts and footwear |
| G U C C I ("Stylized GUCCI Word Mark") | 6073427 | 06/09/2020 | IC 3: Fragrances, incense, cosmetics, nail polish IC 4: Candles IC 9: Sunglasses, eyeglasses, cases for sunglasses, cases for eyeglasses, mobile phone cases, cases for computers, cases for tablet computers, computer application software for all mobile devices, namely, downloadable software for providing information in the field of fashion, the arts and lifestyle |

KAEMPFER

CROWELL

| MARK | REG'N NO. | REG'N DATE | CLASS AND GOODS/SERVICES |
|---|---|---|---|
| | | | IC 14: Jewelry, watches, key rings, cuff links, tie bars<br>IC 18: Pocketbooks, handbags, shoulder bags, clutches, wristlet bags, coin purses, wallets, credit card cases, business card cases, tote bags, backpacks, diaper bags, cosmetic bags sold empty, luggage<br>IC 20: Throw pillows, cushions, chairs, armchairs, folding floor screens and tables<br>IC 21: Incense burners, mugs, cups, trays for household purposes, porcelain pots and vases, dishes, sugar bowls, creamer pitchers, chargers being dinnerware, non-electric coffee pots, non-electric tea pots<br>IC 25: Tops as clothing, bottoms as clothing, coats, jackets, suits, dresses, jumpsuits, bathing suits, scarves, ties as clothing, belts, gloves, headwear, footwear, tights, socks, stockings<br>IC 27: Wallpaper<br>IC 35: Retail store services for clothing, footwear, fashion accessories, jewelry, watches, handbags, sunglasses, fragrances, home furnishings and accessories; online retail store services for clothing, footwear, fashion accessories, jewelry, watches, handbags, sunglasses, fragrances, home furnishings and accessories<br>IC 41: Providing entertainment news and information in the fields of fine art, film, music, theater, |

| MARK | REG'N NO. | REG'N DATE | CLASS AND GOODS/SERVICES |
|------|-----------|------------|--------------------------|
| | | | and dance through an Internet website portal and social media sites entertainment services, namely, organizing sporting and cultural events IC 45: Providing news and information in the fields of fashion and personal lifestyles through an Internet website |
| ("Interlocking GG Design Mark") | 1158170 | 6/23/1981 | IC 25: Clothing-Namely, Neckties, Scarves, Belts, Footwear, Shirts, [Sweaters,] Coats,[ Suits, Dressing Gowns,] Hats, [Socks,] Dresses, and Bathing Suits |
| | 4454342 | 11/24/2013 | IC 35: Retail store services and online retail store services featuring clothing, footwear, handbags, luggage, small leather goods, jewelry, watches, eyewear, fragrances, and accessories |
| ("GUCCI Double G Mark") | 1106722 | 11/21/1978 | IC 25: NECKTIES, SCARVES, BELTS, FOOTWEAR, SHIRTS, SWEATERS, COATS, SUITS, [ DRESSING GOWNS, HATS, SOCKS, DRESSES, ] AND BATHING SUITS |
| | 4411219 | 10/1/2013 | IC 35: Retail store services and online retail store services featuring clothing, footwear, handbags, luggage, small leather goods, jewelry, watches, eyewear, fragrances, and accessories |

KAEMPFER
CROWELL

| MARK | REG'N NO. | REG'N DATE | CLASS AND GOODS/SERVICES |
|---|---|---|---|
|  | 4220947 | 10/9/2012 | IC 14: Jewelry<br><br>IC 18: Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffel bags<br><br>IC 25: Neckties, scarves, belts, footwear and gloves |
|  | 3072547 | 3/28/2006 | IC 25: neckties, scarves, belts, footwear and gloves |
| <br>("GG Repeating Monogram Mark") | 4583258 | 8/12/2014 | IC 9: Protective covers and cases for mobile electronic communications devices and computers [ ; computer cases made of leather ]<br><br>IC 14: Watches<br><br>IC 18: Backpacks, general purpose trolley bags; baby bags, namely, bags for carrying babies' accessories [; garment bags for travel; pet accessories, namely, carriers, collars and leashes; pet collar accessories, namely, charms]<br><br>IC 25: Clothing, namely, shirts and jackets |

| MARK | REG'N NO. | REG'N DATE | CLASS AND GOODS/SERVICES |
|---|---|---|---|
| | 4229081 | 10/23/2012 | IC 14: Jewelry<br><br>IC 18:<br>Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffel bags<br><br>IC 25: Neckties, scarves, belts, footwear and gloves |
| | 4411218 | 10/1/2013 | IC 35:<br>Retail store services and online retail store services featuring clothing, footwear, handbags, luggage, small leather goods, jewelry, watches, eyewear, fragrances, and accessories |
| ("Interlocking Double G Design Mark") | 3470140 | 7/22/2008 | IC 6: metal key rings<br><br>IC 14: Jewelry, namely, earrings, pendants, rings, necklaces and watches; key rings of precious metal<br><br>IC 25: Apparel, namely, neckties, scarves, shirts, sweaters, coats, hats,[ dressing gowns,] [ socks,]dresses, bathing suits, and gloves |
| | 3039629 | 1/10/2006 | IC 25: footwear and belts |
| | 4407197 | 9/24/2013 | IC 35: Retail store services and online retail store services featuring clothing, footwear, handbags, luggage, small leather goods, jewelry, watches, eyewear, fragrances, and accessories |

| MARK | REG'N NO. | REG'N DATE | CLASS AND GOODS/SERVICES |
|---|---|---|---|
|   ("GUCCI green/red/green signature webbing") | 4379039 | 8/6/2013 | IC 25: Shorts, pants, jeans, leggings, t-shirts, polo shirts, shirts, sweaters, sweatshirts, dresses, skirts, swimwear, one piece garments for infants and toddlers, (( cloth bibs, )) scarves, ties, hats, gloves, [ suspenders, ] belts |
|  | 3378755 | 2/5/2008 | IC 14: Jewelry, watches [ and clocks ]<br><br>IC 16: [ Address books, ] agendas, notebooks [, stationary in the form of writing paper and pens ]<br><br>IC 18: Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases, partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffles<br><br>IC 25: Scarves, belts, footwear, shirts, sweaters, coats, suits [, dressing gowns and dresses ] |

21.     Printouts detailing the registration information for the above marks are attached hereto as Exhibit A. The above-referenced registrations are valid, well-known, subsisting and in full force, and serve as *prima facie* evidence of Gucci's exclusive rights in and to the GUCCI Marks. Additionally, several of the registrations referenced have become incontestable under Section 15 of the Lanham

KAEMPFER
CROWELL

Act, 15 U.S.C. § 1065, and thus constitute conclusive evidence of Gucci's exclusive right to use these marks on the goods specified in the registrations pursuant to Sections 7 and 33 of the Lanham Act, 15 U.S.C. §§ 1057, 1115(b).

22.    Gucci is committed to protecting and safeguarding its intellectual property rights and assets to ensure that Gucci's unique and valuable creativity and heritage are preserved, safeguarded, and enforced. Gucci invests substantial time and resources to intellectual property enforcement programs and strategies that protect consumers and clients from counterfeit and infringing products and services.

23.    To ensure the quality and authenticity of products offered for sale bearing the GUCCI Marks, Gucci sells its products only through its own boutiques and stores and to authorized retailers.

**Defendant's Unlawful Conduct**

24.    Upon information and belief, Gucci Gun Club is a hobbyist shooting club.

25.    According to its website, Gucci Gun Club hosts events, members-only range days, an online forum, and has negotiated club discounts from certain vendors.

26.    According to its website, Gucci Gun Club is a club of "gun enthusiasts" who enjoy competition shooting with a focus on shooting "the finest firearms ever made by some of the best craftsmen."

27.    The Gucci Gun Club's motto is "More Money Than Skill," meaning that the members "have more money than skill, more net worth than footwork[.]"

KAEMPFER
CROWELL

28.    To join the Gucci Gun Club, the website suggests that a prospective member must "love shooting, enjoy the finer things in life, and have more money than you have skill."

29.    The Gucci Gun Club's logo features at least three of the GUCCI Marks and/or marks that are confusingly similar to the GUCCI Marks.

30.    The Gucci Gun Club logo (the "GGC logo") is a circle filled in horizontally with the GUCCI green/red/green signature webbing Mark. In the top green band, the Stylized GUCCI Word Mark appears in gold above the words "GUN CLUB" in the same color and font. In the red band, there is a gold mark made up of two interlocking "G"s with a "C" superimposed (the "Infringing Interlocking GGC Mark") that is confusingly similar to the Interlocking GG Design Mark and/or the Interlocking Double G Design Mark. In the bottom green band, the words "MORE MONEY THAN SKILL" appear in the same color and font as the Stylzied GUCCI Word Mark.

31.    The GGC logo is shown below:



32.    The Gucci Gun Club website also features the GG Repeating Monogram Mark with the GGC Mark substituted in for the GUCCI Double G Mark

KAEMPFER

CROWELL

(the "Infringing Monogram Mark") on the "Home," "Contact Us," and "Join" pages, as shown below:



1



2

3

4

5

6

7

8

9

10   33.    The Gucci Gun Club website also features the infringing GGC

11   Mark and the Stylized GUCCI Word Mark on the "Home," "Contact Us," "Store,"

12   and "Join" pages, as shown above and below:

13



14

15

16



17

18

19

20

21   34.    The "Store tab of the website states, as shown above, "Great

22   things are on the horizon / Something big is brewing! Our store is in the works and

23   will be launching soon."

24

KAEMPFER
CROWELL

35.     According to the "Join" page of the Gucci Gun Club website, each Full Member of the Gucci Gun Club receives an "official Club Jersey" as well as other "GGC merchandise" and the ability to purchase additional jerseys.

36.     The "official Club Jersey" prominently features at least four of the GUCCI Marks and/or marks that are confusingly similar to the GUCCI Marks.

37.     As shown below, the "official Club Jersey" contains (1) the Infringing Interlocking GGC Mark, (2) the Infringing Monogram Mark, (3) the Stylized GUCCI Word Mark, and (4) the GUCCI green/red/green signature webbing:

 



38.     On May 27, 2025, Plaintiff wrote to Defendant requesting that it cease using the GUCCI Marks and infringing Plaintiff's rights in the GUCCI Marks.

39.     A representative for Defendant responded on the same day, May 27, 2025, denying Gucci Gun Club was using any of the GUCCI Marks, but "admit[ting] that we wanted to evoke 'Gucci'[.]"

40.     Upon information and belief, Defendant has manufactured, advertised, offered for sale, sold, and/or distributed clothing and accessories bearing marks that are identical to or highly similar to the GUCCI Marks. Defendant has also, upon information and belief, sold memberships in its club using marks that are identical to or highly similar to the GUCCI Marks. Defendant's organization as well as the clothing and accessories mentioned were not authorized, or approved by Gucci, and Defendant is not an authorized manufacturer, distributor, or retailer of Gucci's products.

41.     Defendant is not related to or affiliated with Gucci in any way. Defendant has not sought or received a license or authorization from Gucci for any purpose whatsoever, including for the acts described herein.

**Harm Caused by Defendant's Infringing Conduct**

42.     As a result of Defendant's use of the GUCCI Marks in connection with its promotion of the Gucci Gun Club, the consuming public is likely to be confused, deceived, and misled into believing that the goods and services offered by Defendant under the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark are offered, licensed, authorized, endorsed, or sponsored by Gucci.

43.     The goodwill that Plaintiff has built up in the GUCCI Marks is put at risk by Defendant's appropriation and encroaching use of its confusingly similar GGC logo, the Infringing Interlocking GGC Mark, and the Infringing

Monogram Mark. Defendant's unauthorized acts unfairly and unlawfully wrest from Plaintiff control over the GUCCI Marks and the reputation of Gucci, particularly because Plaintiff has no control over the quality of Defendant's goods and services offered under the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark. As a result, Gucci's extremely valuable reputation is being irreparably damaged. If Defendant's conduct is not enjoined, it will continue to injure the value of the GUCCI Marks and the ability of those marks to indicate goods and services emanating from a single source, namely, Gucci.

44.     Defendant's infringing activities have caused and will continue to cause irreparable damage to the business of Gucci and the goodwill that Plaintiff has created in the GUCCI Marks unless permanently restrained by this Court.

45.     Plaintiff has no adequate remedy at law.

## FIRST CAUSE OF ACTION

### Trademark Counterfeiting and Infringement of Registered Trademarks in Violation of 15 U.S.C. § 1114(1)

46.     Gucci repeats and incorporates by reference each of the above allegations as if made here.

47.     The GUCCI Marks are distinctive and of incalculable value, and are associated in the public mind with Gucci's goods and services of the highest quality.

48.     Plaintiff's rights in the federally registered GUCCI Marks, specifically those listed in Paragraph 20, were developed long prior to any use of the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark by Defendant.

49.    Upon information and belief, by virtue of Gucci's extensive and ongoing use and advertising of the GUCCI Marks, Defendant was on actual notice of Gucci's exclusive rights in the GUCCI Marks. In addition, Gucci's federal registrations put Defendant on constructive notice of Gucci's exclusive rights in the GUCCI Marks. Upon information and belief, Defendant has also counterfeited the GUCCI word mark and Gucci's famous green-red-green mark.

50.    Defendant's GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark are confusing similar to Plaintiff's GUCCI Marks.

51.    Defendant's goods and services offered under the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark are related to the goods and services offered by Plaintiff under the GUCCI Marks and are the type of goods and services consumers would expect to be licensed or otherwise authorized by Plaintiff.

52.    Defendant's actions described above are likely to cause confusion and to deceive potential customers and the general public as to the source, origin, and/or sponsorship of Defendant's goods and services offered under the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark, and are likely to deceive the public into believing that such goods and services are provided, authorized, endorsed, or sponsored by Plaintiff, thereby damaging the reputation and goodwill of Plaintiff.

53.    Upon information and belief, Defendant's conduct is willful, deliberate, and in bad faith, and undertaken with actual or constructive knowledge

KAEMPFER
CROWELL

that Defendant has no right, license, or authority to use Plaintiff's registered GUCCI Marks or any trade name or mark confusingly similar thereto.

54.     Upon information and belief, Defendant's unauthorized use of the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark is intended to reap the benefit of the goodwill that Plaintiff has developed in its registered GUCCI Marks and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

55.     Defendant's conduct as described above has caused and is causing irreparable injury to Plaintiff, and, unless enjoined by this Court, will continue both to damage Plaintiff and to deceive the public. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Unfair Competition in Violation of 15 U.S.C. § 1125(a)

56.     Gucci repeats and incorporates by reference each of the above allegations as if made here.

57.     The GUCCI Marks are distinctive and of incalculable value, and are associated in the public mind with Gucci and goods and services of the highest quality.

58.     The GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark are confusingly similar to the GUCCI Marks.

59.     Defendant's goods and services offered under the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark are related to the goods and services offered by Plaintiff under the GUCCI Marks and are the

KAEMPFER
CROWELL

type of goods and services consumers would expect to be licensed or otherwise authorized by Plaintiff.

60.    Defendant's conduct is likely to cause confusion or to cause mistake or to deceive consumers, users, and the public as to the affiliation, connection, or association between Defendant and Plaintiff, and/or as to the origin, sponsorship, or approval of Defendant's goods and services.

61.    Defendant's unauthorized use of the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark falsely and misleadingly represents Defendant as being legitimately connected with and/or authorized by Plaintiff, and places beyond Plaintiff's control the reputation and goodwill associated with Plaintiff and the GUCCI Marks.

62.    Upon information and belief, Defendant's conduct is willful, deliberate, and in bad faith, and undertaken with full knowledge that Defendant has no right, license, or authority to use any mark confusingly similar to Plaintiff's GUCCI Marks.

63.    As a result of the foregoing, Defendant has falsely designated the origin of its goods and services offered under the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark and has engaged in unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

64.    Defendant's conduct as described above has caused and is causing irreparable injury to Plaintiff, and, unless enjoined by this Court, will continue both to damage Plaintiff and to deceive the public. Plaintiff has no adequate remedy at law.

**THIRD CAUSE OF ACTION**

**False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

65.     Gucci repeats and incorporates by reference each of the above allegations as if made here.

66.     Defendant's use of marks identical and/or highly similar to the GUCCI Marks and other designations and indicia is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of products and services bearing such marks, and is likely to cause such parties to believe in error that the products and services bearing such marks have been authorized, sponsored, approved, endorsed, or licensed by Gucci, or that Defendant is in some way affiliated with Gucci.

67.     Defendant's acts constitute false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

69.     Defendant's acts have damaged and will continue to damage Gucci.

70.     Gucci has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**

**False Advertising under 15 U.S.C. § 1125(a)**

71.     Gucci repeats and incorporates by reference each of the above allegations as if made here.

KAEMPFER
CROWELL

72.     Defendant used the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark on official Club Jerseys and other merchandise and on its website (the "GGC Indicia") to promote and advertise the Gucci Gun Club.

73.     On information and belief, Defendant's use of the GGC Indicia in connection with the operation of the Gucci Gun Club constitutes false or misleading advertising as consumers are likely to believe that Plaintiff is involved with, connected to or an official sponsor of Defendant's gun club.

74.     Defendant's use of the GGC Indicia in connection with promoting its gun club is both literally and impliedly false.

75.     Defendant's use of the GGC Indicia is material because it is likely to impact the purchasing decisions of consumers.

76.     Defendant's use of the GGC Indicia in connection with such promotional content for Defendant's gun club constitutes commercial advertising or promotion that misrepresents the nature, characteristics, or qualities of its services.

77.     Accordingly, Defendant's actions constitute false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

78.     Defendant's aforementioned conduct is causing irreparable injury to Plaintiff's goodwill and reputation, and Defendant's continued conduct will damage Plaintiff as well as deceive and threaten harm to the public unless the conduct is permanently enjoined by this Court.

79.     Plaintiff has no adequate remedy at law.

KAEMPFER
CROWELL

# FIFTH CAUSE OF ACTION

## Dilution in Violation of 15 U.S.C. § 1125(c)

80.    Gucci repeats and incorporates by reference each of the above allegations as if made here.

81.    The GUCCI Marks are distinctive, federally registered trademarks. As a result of Gucci's extensive and exclusive use of the GUCCI Marks in connection with its products, the GUCCI Marks have become famous and are widely recognized among the consuming public as a designation of source of Gucci's goods. The GUCCI Marks became famous long before Defendant's infringing activities commenced.

82.    Defendant's commercial use of marks identical and/or highly similar to the GUCCI Marks for goods that are not manufactured or controlled by, affiliated with, or sponsored by Gucci has diluted and is continuing to dilute the distinctive quality of the GUCCI Marks by lessening the capacity of those marks to exclusively identify and distinguish Gucci and its goods, and by tarnishing them through association with Defendant's goods, which are of lesser quality and workmanship.

83.    Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to dilute the distinctiveness of the GUCCI Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

84.    Defendant's conduct as described above has caused, and unless enjoined by this Court, will continue to cause, Gucci to sustain irreparable damage, loss, and injury.

85.    Gucci has no adequate remedy at law.

**SIXTH CAUSE OF ACTION**

**Common Law Trademark Infringement**

86.    Gucci repeats and incorporates by reference each of the above allegations as if made here.

87.    This cause of action for trademark infringement unfair competition arises under both the state and common law of Nevada.

88.    Gucci owns all right, title, and interest in and to the GUCCI Marks as described above, including all common law rights in such marks.

89.    The GUCCI Marks are distinctive and of incalculable value, and are associated in the public mind with Gucci and goods and services of the highest quality.

90.    Without Gucci's authorization or license and, upon information and belief, with knowledge of Gucci's prior rights in the GUCCI Marks, Defendant manufactured, advertised, offered for sale, sold, and distributed infringing products under and/or bearing the GUCCI Marks or marks highly similar to the GUCCI Marks intentionally and in bad faith.

91.    Defendant's intentional and willful conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and Gucci, and/or as to Gucci's sponsorship or approval of Defendant's goods, services, and/or commercial activities.

92.    Defendant's conduct as described above constitutes common law trademark infringement under Nevada common law.

KAEMPFER
CROWELL

93.     Defendant's conduct as described above has caused and is causing irreparable injury to Plaintiff, and, unless enjoined by this Court, will continue both to damage Plaintiff and to deceive the public.

94.     Gucci has no adequate remedy at law.

### SEVENTH CAUSE OF ACTION

### Deceptive Trade Practices under NRS 598.0915

95.     Gucci repeats and incorporates by reference each of the above allegations as if made here.

96.     Upon information and belief, in the course of conducting its business, Defendant knowingly passed off goods and services for sale or lease as those of Gucci by using the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark in connection with its club and the apparel and accessories supplied to and/or sold to its members.

97.     Upon information and belief, in the course of conducting its business, Defendant knowingly made a false representation as to the source, sponsorship, approval, and/or certification of the goods and services for sale or lease by using the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark in connection with its club and the apparel and accessories supplied to and/or sold to its members.

98.     Upon information and belief, in the course of conducting its business, Defendant knowingly made false representations as to an affiliation, connection and/or association with Gucci by using the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark in connection with its club and the apparel and accessories supplied to and/or sold to its members.

99.    As the direct and proximate result of Defendant's deceptive conduct, Gucci has suffered and will continue to suffer monetary damages and irreparable injury to its business, reputation and goodwill.

100.    Pursuant to NRS 41.600, Gucci is entitled to recover from Defendant all damages it has sustained as a result of Defendant's deceptive trade practices, the costs of this action, including attorney fees, and injunctive relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.    Entering judgment in favor of Gucci on all claims alleged above;

2.    Entering a judgment that Defendant has:

    a.    Used the GUCCI Marks in a manner that constitutes counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114;

    b.    Infringed the GUCCI Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

    c.    Unfairly competed with Gucci in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    d.    Used the GUCCI Marks in a manner that constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    e.    Diluted the GUCCI Marks in violation of 15 U.S.C. § 1125(c);

    f.    Infringed the GUCCI Marks in violation of the common law of the state of Nevada;

    g.    Unfairly competed with Gucci in violation of the common law of the state of Nevada; and

    h.    Engaged in deceptive trade practices under N.R.S. § 598.0915.

3.      Entering a permanent injunction enjoining and restraining Defendant and its agents, servants, employees, successors, and assigns, and all other persons acting in concert with or conspiracy with any of them or who are affiliated with Defendant from:

a.      Imitating, copying, or making unauthorized use of the GUCCI Marks, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, or exporting any products bearing the GUCCI Marks, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark or any other design that is confusingly similar to the GUCCI Marks;

b.      Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated with Gucci or that any product manufactured, distributed, advertised, displayed, promoted, offered for sale, sold, imported, or exported by Defendant is in any manner associated or connected with Gucci, is a genuine product of Gucci, or is authorized, licensed, sponsored, or otherwise approved by Gucci;

c.      Engaging in any course of conduct likely to cause confusion, deception, or to injure Gucci's business reputation;

d.      Using any false description or representation, including words or other symbols falsely to describe or represent Defendant's unauthorized goods or services as Gucci's, or sponsored or associated with Gucci, and from offering such goods or services into commerce;

e.      Effecting assignments or transfers forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order, or any subsequent order or final judgment in this action;

f.      Engaging in any other activity constituting unfair competition with Gucci, or constituting an infringement of the GUCCI Marks; and

KAEMPFER
CROWELL

g.   Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (i)-(vii) above, inclusive.

4.     Directing that Defendant turn over to Gucci for impoundment and eventual destruction, without compensation to Defendants all materials in their possession or control that contain or refer to the GUCCI Marks or the GGC logo, the Infringing Interlocking GGC Mark, and the Infringing Monogram Mark, along with all articles by means of which such unauthorized copies may be reproduced.

5.     Directing that Defendant, at its own expense, recall all such materials that violate the provisions of paragraph a(i)-(vii) above, and that Defendant deliver up to Gucci for destruction all materials returned to it.

6.     Directing that Defendant, pursuant to 15 U.S.C. § 1116(a), files with the Court and serve upon Gucci, within 30 days of the entry of injunction prayed for here, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

7.     Awarding Gucci all damages sustained as a result of Defendant's unlawful activities described above, together with appropriate interest thereon and that such sums be trebled pursuant to 15 U.S.C. § 1117.

8.     Awarding Gucci all the gains, profits, savings, and advantages realized by Defendant from its unlawful actions described above pursuant to 15 U.S.C. § 1117.

9.     Awarding Gucci punitive damages.

1    10.    Awarding Gucci its costs, reasonable attorney fees, and

2  investigators' fees incurred in this action, as permitted by law.

3    11.    Awarding Gucci pre-judgment interest on its judgment.

4    12.    Awarding Gucci such other and further relief as the Court may

5  deem just and proper.

KAEMPFER CROWELL

Robert McCoy, No. 9121
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
John P. Margiotta *(pro hac vice forthcoming)*
Jessica Ogden *(pro hac vice forthcoming)*
151 West 42nd Street, 17th Floor
New York, New York 10036

Attorneys for Plaintiff Gucci America, Inc.