UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUCCI AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUCCI GUN CLUB LLC, <br><br> Defendant. | Case No. 2:25-cv-01468-JCM-EJY <br><br> **REPORT AND RECOMMENDATION** |

On August 8, 2025, Gucci America, Inc. ("Plaintiff") filed suit against Gucci Gun Club, LLC. ("Defendant") alleging Trademark Counterfeiting and Infringement of Registered Trademarks in Violation of 15 U.S.C. § 1114(1), Unfair Competition in Violation of 15 U.S.C. § 1125(a), False Designation of Origin in Violation of 15 U.S.C. § 1125(a), Dilution in Violation of 15 U.S.C. § 1125(c), Common Law Trademark Infringement, and Deceptive Trade Practices under NRS 598.0915. ECF No. 16. On August 26, 2025, Defendant, appearing *pro se*, filed a Motion to Dismiss. ECF No. 26. On August 29, 2025, the Court entered a Minute Order explaining to Defendant that business entities may appear in federal court only through counsel. ECF No. 17 *citing U.S. v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993), *citing, Rowland v. California Men's Colony*, 506 U.S. 194 (1993); *Federal Trade Commission v. Consumer Defense LLC*, Case No. 2:18-cv-0030-JCM-PAL, 2019 WL 8105900, at \*1 (D. Nev. Jan 16, 2019); *Mybusinessloan.com, LLC v. Sundance Fence & Iron LLC*, Case No. 15-cv-2298-BAS-JLB, 2016 WL 6124491, at \*1 (S.D. Cal. Oct. 20, 2016). The Court advised Defendant that it must retain counsel who was required to appear no later than September 29, 2025. *Id*. The Court further explained that Defendant's failure to appear through counsel could result in striking Defendant's Motion to Dismiss as improperly filed. *Id*. To date, no counsel has made an appearance for Defendant.

On October 23, 2025, the Court entered an Order requiring Defendant to show cause in writing no later than November 20, 2025 why its Motion to Dismiss should not be stricken as

1

improperly filed. ECF No. 22. The Court further stated that failure to comply with the Order would result in a recommendation to strike Defendant's Motion to Dismiss. *Id*. No response to The Order to Show Cause was filed.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate ... dismissal" of a case. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Although the adoption of this Recommendation will not dismiss the action, the Court' future order will have the effect of allowing Plaintiff to proceed to default judgment. Thus, this Court reviews the elements considered when a failure to comply with a court order will lead to case disposition. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Sec. & Exch. Comm'n v. Horwitz*, 2021 WL 4847184, at *4 (C.D. Cal. Oct. 18, 2021) (granting motion to withdraw as counsel and advising that "[i]f [defendant] fails to find replacement counsel, it risks the entry of monetary and terminating sanctions against it, including default judgment").

When considering whether to enter a recommendation order that will lead to dismissal of an action, the Court considers: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831.

Here, the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of entering an order striking Defendant's Motion to Dismiss. Defendant has disregarded two Court Orders—the first requiring appearance by counsel and the second requiring Defendant to show cause. Defendant's failure has delayed this litigation and disrupted the Court's timely management of its docket. While a recommendation to strike Defendant's Motion to Dismiss will leave Defendant without a responsive pleading to Plaintiff's Complaint, and thereby allow Plaintiff to seek default and default judgment, Defendant has had ample time to remedy this situation. Thus, the third factor, risk of prejudice to Defendant, also weighs in favor of striking the Motion to Dismiss. The fourth factor—the public policy favoring disposition of cases on their merits— is greatly outweighed by Defendant's failure to participate in

this action as required.  In sum, there can be no disposition on the merits given Defendant's failure to retain counsel.  Finally, as to the fifth factor, the Court finds there is no meaningful alternative to striking Defendant's Motion.  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Accordingly, and based on the foregoing as well as the history of this dispute, IT IS HEREBY RECOMMENDED that Defendant Gucci Gun Club of America, LLC's Motion to Dismiss (ECF No. 16) be stricken from the docket.

Dated this 24th day of November, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).